

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Compton White
County Auditor
Freestone County
Fairfield, Texas

Dear Sir:

Opinion No. 0-4903
Re: Appointment and tenure of of-
fice of county auditor.

Your letter of recent date requesting the opinion
of this department on the above stated matter reads in part
as follows:

".. . .

"Where a County Auditor is serving as a hold-
over, that is, is serving from a previous appoint-
ment, dated January 17, 1939, and an order re-
appointing him is made on September 25, 1942, and
he took the oath and made the bond October 20,
1942, when will his term of office expire?

"In other words, will the appointment hold
for a period of two years from the date of the
appointment, or on September 25, 1944, or will it
expire at the end of the present year?

"In this connection, the September 25th ap-
pointment stated that he was being appointed for
a period of two years from the date of the appoint-
ment.

"In connection with the question, see the fol-
lowing authorities:-

"Article 1645;

"Denison vs. State, 61 S. W. (2d)
1017 and 1022.

"Tom vs. Klepper, 172 S. W. 721.

"As to date within which to take oath and give bond, see Art. 1649.

". . . ."

Article 1645, Vernon's Annotated Civil Statutes, provides in part:

"In any county having a population of thirty-five thousand (35,000) inhabitants, or over, according to the preceding Federal Census, or having a tax valuation of Fifteen Million Dollars ($15,000,000), or over, according to the last approved tax rolls, there shall be biennially appointed an Auditor of Accounts and Finances, the title of said officer to be County Auditor, who shall hold his office for two (2) years, . . . ."

It will be noted that Article 1645, supra, does not fix the date of the beginning or termination of the term of office, but merely states ". . . the title of said officer to be County Auditor, who shall hold his office for two (2) years, . . .".

Heretofore this department has rendered several opinions construing certain statutes and answering certain questions similar to those presented in your inquiry.

In Conference Opinion No. 2913 this department held:

"1.  Where a Statute creates an office and prescribes the length of the term without fixing the date of the beginning or termination of the term, the term begins to run from the date of the first appointment and all subsequent terms will begin on that same date, unless a different time for ending of the term is prescribed by the appointive power at the date of making the first appointment.

"2.  The first appointment to the office of State Reclamation Engineer on July 1, 1913, fixed the beginning of the two year term, and all subsequent terms begin on that date.

Honorable Compton White, Page 3

"3. An appointment made on February 6, 1931, entitled the appointee to hold office for the unexpired term only, which term expired on July 1, 1931."

In Conference Opinion No. 2572 this department held:

"Where a statute creates an office and prescribes the length of the term without fixing the date of the beginning or termination of the term, the term begins to run from the date of the first appointment and all subsequent terms will begin on that same date.

"In case of a vacancy in such an office the appointment is for the unexpired term only and not for a full term.

"The first appointment to the office of Game, Fish and Oyster Commissioner in 1895 fixed the beginning of the two-year term, and all subsequent terms begin on that date. An Appointment, therefore, made on February 20, 1923, entitled the appointee to hold the office for the unexpired term only, which began July 30, 1921. The appointee under the appointment of February 20, 1923, is now a holdover."

In a Conference Opinion dated January 23, 1915, addressed to Honorable H. C. Nash, Jr., County Attorney, Corsicana, Texas, (Report and Opinions of the Attorney General in 1914-1916, page 736) this department held:

"1. Commissioners court, after electing county health officer, has no authority to elect his successor until vacancy occurs in the office by death, resignation or removal, or until his term of office expires.

"2. The term of office of an appointee begins to run from the date of the appointment. When the power to appoint to an office has been once exercised, any subsequent appointment is void unless the office has again become vacant."

Copies of all of the opinions heretofore mentioned are enclosed herewith.

We are not informed as to the date of the first appointment of a county auditor for the county in question under Article 1645, supra. However, in view of the foregoing opinions the term begins to run from the date of the first appointment and all subsequent terms will begin on that same date.

If the first term of the county auditor began on January 17th, all subsequent terms will begin on that same date every two years from the date of the first appointment. However, on the other hand, if the first appointment was made on September 25th, the term of office will begin every two years on the 25th day of September. Assuming that the first appointment was made on January 17th, then the appointment made on January 17th, 1939, would be an appointment for a full two year term. In other words, the term of office would terminate on January 17, 1941. The term of office beginning January 17, 1941, would then terminate on January 17, 1943. The appointment of the county auditor on September 25, 1942, would be only for the unexpired term and would end on January 17, 1943. However, as above stated if the term of office began on September 25th, what was heretofore said with reference to the beginning and termination of the term of office using January 17th, as an illustration would be equally applicable if the term of office began on the 25th of September.

As above stated, if the first term of office began on January 17th, the term begins to run from that date and all subsequent terms will begin on that same date every two years thereafter. On the other hand, if the first appointment was made on September 25th, the term begins to run from that date and all subsequent terms will begin on that same date every two years thereafter. In order to determine when the term of office of the county auditor will expire or terminate it will be necessary to determine the date of the first appointment. After this date has been determined, in view of the foregoing opinions, the term begins to run from the date of the first appointment and all subsequent terms will begin on that same date. The appointment made on September 25, 1942, is for the unexpired term only, provided, the first appointment was not made on September 25th.

Honorable Compton White, Page 5

Since the numerous authorities applicable to the question under consideration have been carefully reviewed in the former opinions of this department, heretofore mentioned, we deem it to be unnecessary to repeat them here, and will not unnecessarily prolong this opinion with a quotation of that which has been heretofore settled by long continued construction.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell William*

Ardell Williams
Assistant

AW:mp
Encl.

JAN 13, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN